746 May 29, 2025 No. 462

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNNY LEE WIDERMAN,
*Defendant-Appellant.*

Lincoln County Circuit Court
21CR06869, 20CR44850; A178347 (Control), A178348

Sheryl Bachart, Judge.

On respondent's petition for reconsideration filed April 23, 2025. Opinion filed April 2, 2025. 339 Or App 380 (2025).

Joanna L. Jenkins, Assistant Attorney General, for petition.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Reconsideration allowed, former disposition withdrawn; opinion modified and adhered to as modified; in Case No. 20CR44850, reversed and remanded; in Case No. 21CR06869, convictions on Counts 1, 3-8, and 10 reversed and remanded; remanded for resentencing; otherwise affirmed.

**JOYCE, J.**

The state petitions for reconsideration of our opinion in *State v. Widerman*, 339 Or App 380, ___ P3d ___ (2025), urging us to clarify our disposition. We grant the state's petition, withdraw our former disposition, modify the opinion, adhere to it as modified, and affirm on Count 9 in Case No. 21CR06869.

A jury convicted defendant of second-degree manslaughter,[1] two counts of third-degree assault, fourth-degree assault, driving under the influence of intoxicants, reckless driving, two counts of second-degree criminal mischief, and failure to carry or present license. We concluded that admission of a lab report and testimony from the toxicologist regarding the content of defendant's blood after the crash violated defendant's confrontation rights under Article I, section 11 of the Oregon Constitution. Because that evidence was central to the state's argument that defendant had driven while impaired, we determined that "the error was not harmless." 339 Or App at 404. Our "tagline," which states the appellate disposition, read: "Reversed and remanded." *Id.*

In its petition, the state asks us to clarify the disposition "so that it reflects that the conviction for failure to carry or present a license is affirmed." In particular, the state contends that because the forensic evidence at issue in defendant's assignment of error was not related to the failure to carry or present charge, that conviction "should not be disturbed."

We agree with the state that defendant's conviction for failure to carry or present was unrelated to the forensic evidence that was improperly admitted. Thus, in Case No. 21CR06869, we affirm defendant's conviction for failure to carry or present, remand for resentencing on that conviction, and reverse and remand defendant's remaining convictions. We therefore modify the last sentence of the first paragraph of the opinion to state, "Accordingly, we reverse and remand on all counts apart from Count 9 in Case No. 21CR06869, failure to carry or present license." We modify the last sentence of the last paragraph of the body of the opinion to say,

---

[1] The jury also found defendant guilty of one count of criminally negligent homicide (Count 2) and the trial court merged that verdict with the verdict on the second-degree manslaughter count and entered a single conviction.

"Because that evidence was central to the state's argument that defendant had driven while impaired, the error was not harmless as to the counts involving impaired or dangerous driving conduct." We add a new sentence after that sentence: "However, the error was harmless as to Count 9, failure to carry or present license; accordingly, we affirm defendant's conviction on Count 9."

Reconsideration allowed, former disposition withdrawn; opinion modified and adhered to as modified; in Case No. 20CR44850, reversed and remanded; in Case No. 21CR06869, convictions on Counts 1, 3-8, and 10 reversed and remanded; remanded for resentencing; otherwise affirmed.